UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICK A. MASON,<br><br>    Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>    Defendant. | No. 2:16-cv-02734 CKD<br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). The parties have consented to Magistrate Judge jurisdiction to conduct all proceedings in the case, including the entry of final judgment. For the reasons discussed below, the court will grant plaintiff's motion for summary judgment and deny the Commissioner's cross-motion for summary judgment.

BACKGROUND

Plaintiff, born August 30, 1971, applied in May 2012 for SSI, alleging disability beginning August 20, 2010. Administrative Transcript ("AT") 18, 44-45, 109-110. Plaintiff alleged he was unable to work due to PTSD, herniated and bulging disks, high cholesterol, low back injuries, hyperlipidemia, anger issues, and a neck injury. AT 45. In a decision dated March

23, 2015, the ALJ determined that plaintiff was not disabled.[1] AT 18-28. The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2016.
>
> 2. The claimant has not engaged in substantial gainful activity since August 20, 2010, the alleged onset date.
>
> 3. The claimant has the following severe impairments: degenerative disc disease of the lumbar and cervical spine, left lateral femoral cutaneous neuropathy, headaches, borderline bilateral carpal tunnel syndrome and posttraumatic stress disorder.
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

2

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work . . . except the claimant can occasionally climb ramps, stairs, ladders, ropes and scaffolds, stoop, kneel, crouch and/or crawl, can frequently balance, can occasionally reach overhead bilaterally and can perform simple tasks with occasional public contact.

6. The claimant is unable to perform any past relevant work.

7. The claimant was born on August 30, 1971 and was 38 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date.

8. The claimant has a marginal education and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is 'not disabled,' whether or not the claimant has transferable job skills.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

AT 20-27.

ISSUES PRESENTED

Plaintiff argues that the ALJ committed the following errors in finding plaintiff not disabled: (1) the ALJ improperly discredited treating physician Dr. Kristoffersen's opinion limiting plaintiff to part-time work; (2) the ALJ did not properly account for the limitations of consulting examining psychologist Dr. Sunde; (3) the ALJ's finding that plaintiff could "occasionally reach overhead bilaterally" was not supported by substantial evidence; and (4) the ALJ did not account for plaintiff's marginal English proficiency at Step 5.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th

Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

A. Medical Opinion Evidence

Plaintiff argues that the ALJ improperly weighed three medical opinions in determining plaintiff's residual functional capacity (RFC).

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. Id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record, and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. Lester, 81 F.3d at 831. In contrast, a contradicted opinion of a treating or examining professional may be

rejected for "specific and legitimate" reasons, that are supported by substantial evidence. Id. at 830. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)). In any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical findings. Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (treating physician's conclusory, minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751. The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional. Lester, 81 F.3d at 831.

1. Dr. Kristoffersen

Treating physician Dr. Sahaile Kristoffersen saw plaintiff regularly between July 2010 and September 2012. AT 234-286. He treated plaintiff for, e.g., pain, headaches, cold symptoms, cholesterol issues, and rashes, and reviewed physical therapy reports concerning plaintiff.[2] AT 301-306, 389-390. On September 6, 2012, Dr. Kristoffersen noted that he "[f]illed out paperwork today for welfare to work exemption stating [Mr. Mason] can work with reduced hours part time and lifting no more than 30 lbs." AT 235.

Evaluating Dr. Kristoffersen's opinions, the ALJ wrote:

> Treating physician Sahaile Kristoffersen, D.O. opined that claimant could not lift more than thirty pounds (Ex. 1F/10). Dr. Kristoffersen's opinion is given considerable weight because it is consistent with the objective evidence.
>
> However, Dr. Kristoffersen further opined that the claimant could work part-time (Ex. 1F/10). Generally, 20 C.F.R. 404.1527 (d) and 416.927 (d) indicate that treating source opinions are to be afforded controlling weight. However, these regulations also state that in some instances, such opinions may be given little weight if not well supported. In this case, Dr. Kristoffersen's opinion is unpersuasive because it is inconsistent with the record as a whole. Thus, this portion of Dr. Kristoffersen's opinion is given little weight.

---

[2] Plaintiff asserts that Dr. Kristoffersen also reviewed reports by specialists Dr. Saleh and Dr. Lasker. However, these reports are not cc'd to, and do not mention, Dr. Kristoffersen, but name other referring physicians. AT 402-404, 422-424, 438.

5

AT 24.

The ALJ gave "substantial weight" to the opinions of state agency physicians Dr. Eskander and Dr. Michelson, who opined that plaintiff was capable of light work with certain limitations, including limited overhead reaching. AT 24; see AT 52-53, 817-18. These opinions, wrote the ALJ, "are persuasive because they are consistent with the objective findings and the findings of the examining physician, Dr. Hoenig." AT 24; see AT 452-456. In a December 2012 orthopedic evaluation, Dr. Hoenig noted that plaintiff had a normal gait, got on and off the examination table without difficulty, and had normal muscle tone and bulk and "5/5 strength in bilateral upper and lower extremities." AT 453-454. Dr. Hoenig opined that plaintiff could stand/walk for up to four hours, had no limitations on sitting, and required certain postural limitations "secondary to reduced range of motion of the cervical spine, reduced range of motion of the lumbar spine, tenderness to palpation to the cervical and lumbar paraspinal musculature, reduced sensation to the left thigh," and reduced flexion of one finger on his left hand. AT 455.

Because Dr. Kristofferson's statement that plaintiff could only work part-time was contradicted by other medical opinions in the record, the ALJ could reject it based on "specific and legitimate" reasons, supported by substantial evidence. "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (internal quotation marks and citation omitted). "When an examining physician relies on the same clinical findings as a treating physician, but differs only in his or her conclusions, the conclusions of the examining physician are not 'substantial evidence.' [Citation omitted.] Additionally, "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." Revels v. Berryhill, 874 F.3d 648, 654 (9th Cir. 2017), citing Lester v. Chater, 81 F.3d 821, 831 (9th Cir. 1995).

Here, the ALJ set out a detailed summary of the facts and conflicting clinical evidence, including Dr. Hoenig's 2012 opinion "based upon a physical examination and . . . consistent with the record as a whole." AT 24. The record includes Dr. Kristoffersen's own findings that, on the

day he wrote the welfare-to-work statement, plaintiff had intact balance, gait, coordination, and deep tendon reflexes (AT 235); and at various times in 2011 and 2012 had "normal muscle tone without atrophy"; normal extremities with no cyanosis, clubbing, or edema; and a full range of motion. E.g., AT 235, 246, 264. Plaintiff points to medical imaging reports showing degenerative disc disease at C4-C5 and medical notes listing a wide range of conditions (e.g., abdominal pain, tingling in legs, weight loss, incontinence, rash), but Dr. Kristoffersen's statement that plaintiff could only work part-time is not strongly supported by these or any other clinical findings in the record. See Magallanes, 881 F.2d at 751 (an ALJ "need not accept a treating physician's opinion which is brief and conclusory in form with little in the way of clinical findings to support its conclusion."). Thus the court finds no error in this regard.

2. Dr. Sunde

Plaintiff asserts that the ALJ did not properly account for the limitations of consulting examining psychologist Dr. Sunde, who conducted a comprehensive psychological evaluation of plaintiff in November 2012. AT 445-449.

Dr. Sunde diagnosed plaintiff with post-traumatic stress disorder (PTSD) and assessed his GAF score at 50.[3] Dr. Sunde noted that plaintiff's PTSD caused him to be "easily . . . triggered into a rage, anger and distrust at all men." AT 445. Dr. Sunde noted that his

> shopping is very limited by his psychiatric symptoms. He states that he grows angry and has violent impulses toward people in stores for no good reason due to his agitation. He interacts mostly just with his wife and kids. . . . He states that he stays home as much as possible because he gets irritated and violently angry so easily by people and he admits that the people have often done nothing wrong.

AT 446-447.

As to attitude and behavior, Dr. Sunde wrote: "He is alert. He is somewhat hostile. He states that he trusts no men. He looks at all men as potential child molesters including the

---

[3] GAF is a scale reflecting the "psychological, social, and occupational functioning on a hypothetical continuum of mental health-illness." Diagnostic and Statistical Manual of Mental Disorders at 34 (4th ed. 2000) ("DSM IV-TR"). A GAF of 41-50 indicates serious symptoms such as suicidal ideation, severe obsessional rituals, or serious impairment in social, work, or school functioning. Id.

7

evaluator, but he does appear to be a reliable informant." AT 447. As to thought content: "He is preoccupied with his anxiety, his distrust and his pain." At 447. "Mood is extremely irritable." AT 447. "His hair is disheveled," Dr. Sunde wrote as to general appearance. "He displays psychomotor agitation throughout the interview." AT 447. In the discussion/prognosis section, Dr. Sunde wrote:

> The claimant presents with severe [PTSD] symptoms including severe hypervigilance, irritation, and intrusive thoughts. . . . [I]t was witnessed in the evaluation that he can quickly lose his awareness, may get triggered into the agitation and hostility with people he does not know even though they have not done anything to warrant it. The claimant remains very symptomatic despite previous psychotherapy. It is likely that with a return to psychotherapy and possible psychotropic intervention his symptoms would improve. However, due to the repeated traumas and ongoing stressors of physical pain, it is likely that he will remain very symptomatic even with treatment. Therefore, his prognosis is only fair.

AT 448.

Dr. Sunde made the following functional assessments:

> Ability to understand and remember and complete complex commands: Moderate impairment due to impaired concentration.
>
> Ability to interact appropriately with supervisors, coworkers or the public: Moderate to marked impairment due to severe irritability and hypervigilance.
>
> Ability to comply with job rules such as safety and attendance: Moderate impairment due to impaired concentration, severe anxiety and irritability.
>
> Ability to respond to change in the normal workplace setting: Moderate impairment due to impaired concentration and severe irritability.
>
> Ability to maintain persistence and pace in the normal workplace setting: Moderate to marked impairment due to severe irritability, hypervigilance and impaired concentration.

AT 448-449.

The ALJ found Dr. Sunde's opinion "persuasive because it is based upon a psychological evaluation. Thus, Dr. Sunde's opinion is given considerable weight." AT 25. Citing Dr. Sunde's findings, the ALJ concluded that plaintiff "has moderate difficulties in maintaining concentration, persistence, or pace." AT 23. In her hypothetical to the vocation expert (VE), the ALJ limited

8

plaintiff to simple tasks and occasional public contact. AT 897-898.

Plaintiff argues that this hypothetical did not reflect the full extent of his mental limitations. The ALJ "was not free to ignore marked limitations in Mr. Mason's ability to interact appropriately with supervisors, coworkers, and the public; and moderate limitations in his ability to respond to routine changes in the work environment," plaintiff argues. (ECF No. 14 at 15.)

Defendant counters that "the RFC for simple unskilled work with occasional public contact, appropriately captured [plaintiff's] moderate mental limitations," as supported by the opinions of State agency reviewing physicians Drs. Schwartz and Weiss. (ECF No. 19 at 19.) The ALJ gave "substantial weight" to Drs. Schwartz and Weiss's opinion "that the claimant could perform simple tasks in an environment with limited public contact" as these opinions were "consistent with the record as a whole." AT 25; see AT 35, 52, 54, 57.

In Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1174 (9th Cir. 2008), the Ninth Circuit held that an ALJ's hypothetical to a VE adequately captures restrictions related to concentration, persistence, or pace when the assessment is consistent with restrictions identified in the medical testimony. In that case, the Ninth Circuit upheld an RFC finding limiting the claimant to "simple, routine, repetitive" work, as accounted for limitations evidenced by the record "related to concentration, persistence or pace." Id. at 1173-1174. See also, e.g., Schmidt v. Colvin, No. 2:12-cv-00016 KJN, 2013 WL 5372845, at *17 (E.D. Cal. Sept. 25, 2013) ("'Moderate' mental limitations are not necessarily inconsistent with an RFC for 'simple' tasks, as long as such assessment is generally consistent with the concrete restrictions identified in the medical evidence."), citing Stubbs-Danielson, 539 F.3d at 1174.

Here, the RFC and resulting hypothetical, while including limitations in "concentration, persistence, or pace," did not account for plaintiff's moderate to marked impairment in interacting appropriately with supervisors and coworkers, or his moderate impairment in complying with job rules and responding to change in the normal workplace setting. Per Dr. Sunde, these limitations were largely due to plaintiff's irritability, anxiety, and hypervigilance: symptoms relating to his diagnosed PTSD and consistent with his GAF of 50. As Drs. Weiss and Schwarz were not examining physicians, their opinions do not constitute substantial evidence that "justifies the

9

rejection" of portions of examining physician Dr. Sunde's opinion. See Revels, 874 F.3d at 654. The ALJ wrote that "the claimant presented to Dr. Sunde's evaluation with objective findings suggestive of the ability to perform a wide range of unskilled work." AT 26. However, Dr. Sunde wrote that plaintiff "presents with severe [PTSD] symptoms," "remains very symptomatic despite previous psychotherapy," and would "likely . . . remain very symptomatic even with treatment." AT 448. The ALJ did not address these findings in her discussion of psychological impairment, focusing instead on plaintiff's lack of documented mental health care. AT 26.

The VE testified that if a person with plaintiff's limitations "was unable to interact appropriately with supervisors, coworkers or the public," was unable to comply with job rules such as safety and attendance, and was unable to maintain persistence and pace in a normal setting, there would be no jobs available. AT 898-899. Because the ALJ failed to properly evaluate the medical evidence as to mental issues and fully incorporate such limitations into the hypothetical questions, the ALJ's decision is not supported by substantial evidence. Thus plaintiff is entitled to summary judgment on this claim.[4]

CONCLUSION

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014). Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d

---

[4] In light of this finding, the court does not reach the remaining claims.

10

403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled. Thus the case is remanded to allow the ALJ an opportunity to re-examine the record and evaluate the medical opinions so that any contradictory opinions may be resolved, and any limitations that are supported by substantial evidence can be identified. The ALJ shall incorporate any limitations that are supported by the substantial evidence into the RFC and hypotheticals posed to the VE. The ALJ is only required to present the VE with those limitations she finds to be credible and supported by the evidence. Osenbrock v. Apfel, 240 F.3d 1157, 1165–66 (9th Cir. 2001).

CONCLUSION

For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 14) is granted;

2. The Commissioner's cross-motion for summary judgment (ECF No. 19) is denied; and

3. The matter is remanded for further proceedings consistent with this order.

Dated: July 31, 2018

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/mason2734.ssi.ckd